UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL TODD RYDER, ET AL.                                   CIVIL ACTION

VERSUS                                                                        15-431-SDD-SCR

UNION PACIFIC RAILROAD
COMPANY, ET AL.

**RULING**

Before the Court are Motions to Dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, by Defendants Chesapeake Energy Corporation and Chesapeake Operating LLC (collectively "Chesapeake")[1] and Defendant, Earthstone Operating, LLC a/k/a Valley Operating, LLC ("Earthstone")[2]. The nearly identical Motions are opposed.[3] For the reasons which follow, both Motions shall be denied.

**I.   FACTUAL BACKGROUND**

On February 16, 2015, John Cameron Watson, the driver of a 2001 Dodge Ram pickup truck, and two passengers, Michael Todd Ryder and Herbert Paul Barras, were killed when their vehicle was struck by a Union Pacific train at a private grade crossing in De Soto Parish, Louisiana.[4] Plaintiffs are the surviving heirs who bring wrongful death and survival actions.

Plaintiffs allege that the decedents were returning from a lunch break in route to a pipeline jobsite when the accident occurred. Decedents were the fourth car in a line of

---

[1] Rec. Doc. 15.
[2] Rec. Doc. 23.
[3] Rec. Doc. 22 and 33.
[4] Rec. Doc. 1.

1

cars traveling east on Private Drive in route to the pipeline jobsite. According to the *Complaint*, "[t]o access the pipeline job site from Private Drive, a motorist must first turn east on Private Drive from LA Hwy. 5, then travel approximately 70 feet on a gravel road to a railroad-highway at-grade crossing... . After traveling over the Private Crossing the motorist would travel approximately 85 feet to a cattle guard, fence, and interlocked gate. At that point, the interlocked gate would have to be manually unlocked and opened for a motorist to continue onto the pipeline job site. The gate is interlocked with locks from Defendants Kinder Morgan, Chesapeake and Earthstone."[5]

The decedent's vehicle was stopped on the crossing while waiting for the lead motorist to unlock the gate. It was then that the fatal accident occurred.

## II.    LAW AND ANLYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[6] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[7] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[8] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

---

[5] Rec. Doc. 1 ¶ ¶ 26 and 27.
[6] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[7] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[8] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[12]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[13]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[14]

### B. Analysis of the Plaintiffs' *Complaint*

Movants urge dismissal arguing that they owed no legal duty to the decedents. Movants contend that no legal duty exists because no ease of association exists between movants the movant's action in locking the gate and the harm encountered by the decedents. Movants ask the Court to determine the element of foreseeability, or scope of the risk, based on the four corners of the Plaintiffs' *Complaint*. The Court declines movants' invitation to make policy determinations at this early stage in the proceedings.

---

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[11] *Twombly*, 550 U.S. at 570.
[12] *Iqbal*, 556 U.S. at 678.
[13] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[14] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

3

The facts pled, and taken as true at this stage, allege that movants' controlled access along Private Drive by means of a locked gate which was 85 feet from a private grade crossing. The *Complaint* further alleges that the movants may be parties to a private crossing agreement with the railroad, a fact which, if developed, may be informative of foreseeability and duty. The allegations, and reasonable inferences therefrom, satisfy the plausibility standard.

Movants further argue that the Plaintiffs fail to allege that the decedents were employees, independent contractors, or invitees of Movant's and, thus, assert that no duty was owed to the decedents.[15] While it is true that the relationships between persons can give rise to legal duties, but, so to can circumstances give rise to legal duty, independent of the parties' relationships. In this case, Plaintiffs allege that Chesapeake and Earthstone "undertook a duty to control access by placing a padlock on the gate"[16] and that the locked gate across the roadway created an unreasonable risk of harm to motorists. Again, as pled, the *Complaint* states claims that are plausible on their face.

Movants further maintain that Plaintiffs have failed to plead facts which would plausibly demonstrate a duty under Louisiana Civil Code Article 2317.1, which speaks to the liability of the owner or custodian of a thing. Movants contend that the absence of allegations of ownership or custody of Private Drive requires dismissal. As stated, Plaintiffs allege that Chesapeake and Earthstone may have assumed duties in a private crossing agreement with the railroad, giving rise to liability under a theory of shared *garde*.

---

[15] Movant, Chesapeake, argues that "[t]he crux of the plaintiffs' claims is that Chesapeake failed to take specific actions with regards to "authorized personnel", and thus, should be liable for damages. However, the plaintiffs have failed to make a single factual allegation tending to show that the decedents were authorized personnel of Chesapeake." Rec. Doc. 15-1. However, the Court notes that the Plaintiffs' define the terms "authorized personnel" in their *Complaint* when referring to persons given access to the locked gate in question, including, "employees, contractors and/or others". Rec. Doc. 1 ¶ 56, 63 and 70.
[16] Rec. Doc. 1 ¶ ¶ 67 and 74.

Equity demands that discovery on this issue be had.

The Court finds that the Plaintiffs' *Complaint* pleads sufficient facts to state a claim that is plausible on its face. The Court further finds that the "open and obvious hazard" defense would require the Court to find facts, and such is inappropriate for determination on a 12(b)(6) Motion to Dismiss.

Accordingly, the *Motions*[17] are denied.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on February 3, 2016.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[17] Rec. Docs. 15 and 23