UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL TODD RYDER, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                                  **NO. 15-431-SDD-EWD**

**UNION PACIFIC RAILROAD COMPANY, ET AL.**

## SCHEDULING CONFERENCE REPORT AND ORDER

A scheduling conference was held before Magistrate Judge Erin Wilder-Doomes on April 18, 2016 with the following participants:

| | | |
|---|---|---|
| **PRESENT:** | **Joseph M. Miller**<br>**Benjamin B. Saunders**<br>**Robert L. Pottroff** (By telephone)<br>Counsel for plaintiffs<br><br>**William D. Lampton**<br>Counsel for defendants, Chesapeake Energy Corporation and Chesapeake Operating LLC | **Kevin M. Dills**<br>**John E. McElligott, Jr.**<br>Counsel for defendants, Union Pacific Railroad Company and Union Pacific Railroad Corporation<br><br>**John P. Wolff, III**<br>Counsel for defendant, Earthstone Operating LLC |

The parties discussed: (1) Plaintiffs' Motion to Compel Production of Locomotive Video without a Confidentiality Agreement or Protective Order[1] and Union Pacific's Motion for Protective Order regarding Locomotive Videos;[2] (2) Union Pacific's Motion for Protective Order and to Quash the Video Deposition of a Corporate Designee regarding the Effectiveness of Lights and Gates;[3] and (3) the parties' proposed scheduling order.[4]

---

[1] R. Docs. 42 & 46.
[2] R. Doc. 51.
[3] R. Doc. 49.
[4] R. Doc. 48.

1

The Court first considered Plaintiffs' Motion to Compel Production of Locomotive Video without a Confidentiality Agreement or Protective Order[5] and Union Pacific's related Motion for Protective Order Regarding Locomotive Videos.[6]  Plaintiffs' counsel asserted that Union Pacific had presented no justification for entry of a protective order and expressed: (1) his desire to share the video with colleagues/attorneys outside of those retained in this case; (2) his concern about Union Pacific's proposed requirement that the video be destroyed following this litigation; and (3) his concerns regarding witness preparation should the video be produced subject to Union Pacific's proposed protective order/confidentiality agreement.  Counsel for Union Pacific stated in response that the locomotive video is Union Pacific's property, that Union Pacific is concerned about the video being posted to the internet or social media such that it could be altered by third parties, and that Union Pacific objects to the video being used as part of "library" of similar incidents.

Counsel agree, and the Court finds, that the locomotive video is relevant to this litigation.  The only remaining question is under what terms it will be produced.  Further, the Court notes that the confidentiality agreement/protective order proposed by Union Pacific contains very broad language and does not appear tailored to address Union Pacific's stated dissemination concerns.  The Court therefore requests that the parties consider a more narrowly tailored confidentiality agreement/protective order that would prevent dissemination on the internet or posting on social media websites and instructs the parties to revisit a potential agreement.

Accordingly, IT IS ORDERED that the parties are to attempt to reach an agreement as to production of the locomotive video within ten (10) days from the date of this Scheduling Conference Report and Order.  In the event the parties are unable to reach an agreement, they are instructed to contact the Court by telephone to so advise.  The Court will then issue a ruling.

---

[5] R. Docs. 42 & 46.
[6] R. Doc. 51.

2

The Court then considered Union Pacific's Motion for Protective Order and to Quash the Video Deposition of a Corporate Designee regarding the Effectiveness of Lights and Gates.[7] Plaintiffs advised that they will withdraw topics 1-4 and 7-10, leaving only topics 5 and 6 in their Notice of Video Deposition. Union Pacific accepted the withdrawal of these deposition topics. However, Union Pacific asserted that as to topics 5 and 6, testimony regarding the effectiveness of lights and gates is irrelevant because Union Pacific has no legal duty to install lights and gates at a private railroad crossing. Union Pacific asserted that its duty is set forth by statute and that the crossing at issue here is not a "dangerous trap." In response, Plaintiffs' counsel argued that, even assuming there is no statutory duty, Union Pacific still owes a duty of reasonable care and that Union Pacific's own crossing agreements sometimes require lights and gates at private crossings such as the one at issue here, which he described as having "public characteristics." Further, Plaintiffs' counsel argued that Union Pacific's own industry group has stated that lights and gates are effective and that topics 5 and 6 are relevant to questions of Plaintiffs' potential comparative fault.

Having considered Union Pacific's Memorandum in Support of the Motion for Protective Order and to Quash the Video Deposition, as well as the parties' arguments presented during the April 18, 2016 conference, the Court finds that additional briefing is required.

Accordingly, IT IS ORDERED that Plaintiff submit briefing regarding the basis for Union Pacific's duty to provide lights and/or gates at the crossing at issue in this litigation. IT IS FURTHER ORDERED that Union Pacific submit briefing on the basis for its assertion that it owes no legal duty (statutory or otherwise) to provide lights and/or gates at this crossing. The

---

[7] R. Doc. 49.

supplemental briefing, not to exceed five (5) pages, shall be filed within ten (10) days of this Scheduling Conference Report and Order.

Finally, the Court considered the parties' proposed schedule set forth in the Joint Status Report.[8]  The Court will issue a separate Scheduling Order consistent with the parties' proposed schedule as modified during the April 18, 2016 conference.

Signed in Baton Rouge, Louisiana, on April 19, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Doc. 48.